IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CT-3002-FL

BARRY JOHNSON,                          )
                                        )
              Plaintiff,                )
                                        )
       v.                               )                    ORDER
                                        )
UNITED STATES DEPARTMENT OF             )
JUSTICE,                                )
                                        )
              Defendant.                )

This matter comes before the court on defendant's motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) (DE # 10). Plaintiff timely filed a response, and defendant did not reply. In this posture, the issues raised are ripe for adjudication. For the following reasons, the court grants defendant's motion.

## BACKGROUND

On January 6, 2010, plaintiff brought this action pursuant to the Federal Torts Claim Act ("FTCA"), 28 U.S.C. § 1346(b), against defendant. Plaintiff, a federal inmate, seeks damages for injuries he sustained while incarcerated at the Federal Prison Camp in Butner, North Carolina on August 8, 2009 in the course of his employment with the food services department. According to the complaint, plaintiff was transporting a food cart containing three six-inch serving pans of hot farina at approximately 9:45 a.m. on that date when the lid of one of the pans "dipped down," causing the top two pans to slip and spill the hot farina on plaintiff's right hand and wrist. After the accident, plaintiff's supervisor sent him to the medical staff, who treated plaintiff for a second-degree

burn. As relief, plaintiff requests continued medical treatment and monetary compensation in the amount of one hundred thousand dollars ($100,000), as well as increased safety training at Butner.

On April 22, 2010, defendant filed a motion to dismiss, arguing that the court lacks subject matter jurisdiction over plaintiff's claim. Plaintiff filed a response on May 3, 2010.

## DISCUSSION

A.    Standard of Review

Under Rule 12(b)(1), the plaintiff bears the burden of showing that federal jurisdiction is appropriate when challenged by the defendant. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). When the Rule 12(b)(1) motion attacks the complaint as failing to state facts upon which subject matter jurisdiction may be based, the facts in the complaint are assumed to be true and the plaintiff is afforded the same protections he or she would receive under a Rule 12(b)(6) motion. Id. Where the Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction in fact, apart from the complaint, the court is free to weigh the evidence to determine the existence of jurisdiction. Id.

B.    Analysis

The Inmate Accident Compensation Act ("IACA") authorizes compensation to federal inmates "for injuries suffered in any industry or in any work activity in connection with the maintenance or operation of the institution in which the inmates are confined." 18 U.S.C. § 4126(c)(4); see also 28 C.F.R. § 301.101 et seq. The IACA is the exclusive remedy against the United States for a federal inmate's work-related injuries, and precludes a suit under the FTCA. See United States v. Demko, 385 U.S. 149, 152–53 (1966); 28 C.F.R. § 301.319. Regulations define "work-related injury" under the IACA as "any injury, including occupational disease or illness, proximately caused by the actual performance of the inmate's work assignment." 28 C.F.R.

2

§ 301.102(a); see also Aston v. United States, 625 F.2d 1210, 1211 (5th Cir. 1980) (per curiam) ("[T]he cause of the injury is irrelevant so long as the injury itself occurred while the prisoner was on the job.").

In this case, plaintiff alleges that he injured his right hand and wrist while working in the food service department as a federal inmate. As such, plaintiff's complaint involves a work-related injury that is compensable only under the IACA. Plaintiff may not bring the instant action to recover damages for this injury.

## CONCLUSION

Based upon the foregoing, defendant's motion to dismiss (DE # 10) is GRANTED. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 5 day of November, 2010.

LOUISE W. FLANAGAN
Chief United States District Judge

3